# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 16-4786** |
| **v.** | : | |
| | : | |
| **PAYPAL, INC.**, *et al.* | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 30th day of June 2017, upon consideration of Plaintiff Gordon Roy Parker's ("Plaintiff") *motion for appointment of counsel*, [ECF 41], and the responses in opposition filed by Defendant PayPal, Inc., [ECF 48], and jointly by Defendants PayLoadz, Inc. and Shannon Sofield, [ECF 56], it is hereby **ORDERED** that said motion is **DENIED**.[1]

---

[1]    In his second amended complaint, Plaintiff purports to assert claims for copyright infringement, unfair competition under the Lanham Act, misappropriation of likeness, breach of contract, tortious interference, and unjust enrichment, each stemming from an allegedly unlawful sale of Plaintiff's book "Outfoxing The Foxes: How To Seduce The Women Of Your Dreams," which was included in an anthology. [ECF 47].

Plaintiff, proceeding *pro se*, asserts claims only on his own behalf.  In the underlying motion, however, Plaintiff moves for the appointment of counsel pursuant to Federal Rule of Civil Procedure ("Rule") 23 on the basis that he is not permitted to represent the class of authors whose work was included in the anthology.  Plaintiff's reliance on Rule 23 is misplaced.  In his second amended complaint, he does not assert any class claims, which renders the class counsel provisions of Rule 23(g) irrelevant.  Plaintiff, as such, is not entitled to the appointment of counsel on this ground.

Although it is well-settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel," *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)), there are circumstances in which a district court, in its discretion, may "request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  When considering a motion for the appointment of counsel, a court must first determine whether the cause of action has sufficient merit and, if it so finds, then it should consider the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), which include but are not limited to: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) whether, and to what extent, a case is likely to turn on credibility determinations; (5) whether the case requires the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 156-57; *Parham*, 126 F.3d at 457-58; *Gorrell v. Comm'r of Soc. Sec.*, 449 F. App'x 176, 178 (3d

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Cir. 2011).  Here, a review of the official record reveals that Plaintiff is not proceeding *in forma pauperis*, and there is no indication, in his motion or elsewhere, that he is indigent.  For this reason alone, Plaintiff is not entitled to the appointment of counsel.  However, even if he were indigent, there is insufficient information to ascertain the extent of Plaintiff's education, literacy, prior work, and prior litigation experience, to adequately weigh the *Tabron* factors, including his ability to represent himself.  Plaintiff has not presented any factual or legal support for his motion for appointment of counsel other than his Rule 23 argument, which this Court has rejected.  As such, Plaintiff has not met his burden of persuasion and his request is insufficient to warrant the appointment of counsel.  Consequently, his motion is denied.