IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 16-4786 |
| v. | : | |
| | : | |
| **PAYPAL, INC.,** *et al.* | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 30th day of June 2017, upon consideration of Plaintiff Gordon Roy Parker's ("Plaintiff") *motion for leave to conduct expedited discovery*, [ECF 9], to which no response has been filed, it is hereby **ORDERED** that said motion is **GRANTED**, *in part*, and **DENIED**, *in part*, as follows:

1. Plaintiff may conduct limited discovery, whether in the form of interrogatories, depositions by written questions, or subpoenas directed at parties or non-parties, to identify the true names and addresses of Defendant PUA Media Library, Inc. and Defendant Loki.net@gmail.com (jointly, "Unknown Defendants").[1] Plaintiff may serve his discovery requests only on entities or individuals which are parties or were formerly parties to this action.

---

[1] In his second amended complaint, Plaintiff identifies Defendant PUA Media Library, Inc., as an "unregistered (nonexistent) 'California corporation' which does business as Defendant pualib.com," and Defendant Loki.net@gmail.com as "John Doe # 1, a/k/a loki.net@gmail.com ('Loki'), a/k/a 'Sally Longer' a/k/a 'Vladymyr Olynyk.'" [ECF 47 ¶¶ 7-8]. Plaintiff further avers that he wrote and copyrighted the book, "Outfoxing The Foxes: How To Seduce The Women Of Your Dreams," and alleges Defendant PUA Media Library, Inc., through its website pualib.com, and Defendant Loki are unlawfully selling the book. (*Id.* at ¶¶ 14-16).

In the underlying motion, Plaintiff contends that without the requested discovery, he is unable to ascertain the true identity of Unknown Defendants. Specifically, Plaintiff argues: (1) Defendants PayPal Inc. and C2S, LLC d/b/a Click2Sell.eu should know the identity of Unknown Defendants because Defendants PayPal Inc. and C2S, LLC process payments for the sale of Plaintiff's book; (2) Defendants Shannon Sofield and PayLoadz, Inc., should know the identity of Unknown Defendants because Defendants Shannon Sofield and PayLoadz, Inc., host and process payments for pualib.com; (3) Hostagator.com, LLC should know the identity of Unknown Defendants because it served as webhost for pualib.com; (4) Defendant Amazon Web Services, Inc. should know the identity of Unknown Defendants because it hosts Plaintiff's book on its cloud server on behalf of Unknown Defendants; and (6) Defendants Custom CD, Inc. and Rimage, Inc., should know the identity of Unknown Defendants

2. The proposed interrogatories attached as Exhibit A to the underlying motion are overly broad.[2] Plaintiff's discovery requests must be narrowly tailored to ascertain the identities of the Unknown Defendants *only*. At this time, this Court will not decide the appropriateness of, or objections to, any discovery request propounded pursuant to this Order as any such ruling would be premature.

3. Plaintiff shall include a copy of this Order in any discovery requests served pursuant to and consistent with this Order.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

because Defendants Custom CD, Inc. and Rimage, Inc. shipped CD/DVD copies of Plaintiff's book. [ECF 9 ¶¶ 2-6].

[2] By way of example, Plaintiff seeks information related to "the amount of money which changed hands" and the nature of the relationship between the party to which the interrogatories are directed and Unknown Defendants. Such an inquiry seeks information beyond what is necessary for Plaintiff to ascertain the identity of Unknown Defendants and, therefore, is inconsistent with the need for this discovery.