IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 16-4786** |
| v. | : | |
| | : | |
| **PAYPAL, INC.**, *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                     AUGUST 16, 2017

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court is a *motion to dismiss* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants Amazon.com, Inc., and Amazon Web Services, Inc., (together, "Moving Defendants"), [ECF 38], which seeks the dismissal of the claims for copyright infringement, unfair competition under the Lanham Act, misappropriation of likeness, breach of contract, and unjust enrichment asserted against them by *pro se* Plaintiff Gordon Roy Parker[1] ("Plaintiff") in the corrected amended complaint ("Corrected Amended Complaint").[2]  [ECF 47].

---

[1] Also known as Ray Gordon, d/b/a Snodgrass Publishing Group.  [ECF 47 ¶ 1].

[2] Plaintiff's amended complaint filed on November 9, 2016, [ECF 6], stopped abruptly at page 29 and did not include the claim for unjust enrichment which was referenced in the caption.  On December 13, 2016, Plaintiff filed, without consent of the parties or leave of this Court, a complaint entitled "Corrected Amended Complaint," which was docketed as his "Second Amended Complaint."  [ECF 25]. By way of a footnote, the December 13, 2016 Corrected Amended Complaint provided that "[w]hile Plaintiff filed and served this amended complaint verbatim on 11/9/2016, PACER does not reflect this." [ECF 25 at 1 n.1].  The docketed December 13, 2016 Corrected Amended Complaint was identical to the amended complaint filed on November 9, 2016, except that, in addition to the footnote and title, it included a thirtieth page that contained Plaintiff's unjust enrichment claim.  On December 15, 2016, this Court struck Plaintiff's December 13, 2016 Corrected Amended Complaint pursuant to Rule 15(a).  [ECF 31]. On the same day, Plaintiff filed a motion for leave to file an amended complaint, asserting: (1) that he is legally blind and needs assistance when filing pleadings with the Court; (2) that when he prepared the amended complaint to be filed on November 9, 2016, it included a thirtieth and thirty-first page containing the unjust enrichment claim and the prayer for relief; and (3) that he served the 31-page complaint on Defendants.  [ECF 28 ¶¶ 1-2].  In order to address the omission of the last two pages,

Plaintiff opposes the motion. [ECF 42]. The issues raised in the motion to dismiss have been fully briefed by the parties,[3] and are now ripe for disposition. For the reasons that follow, Moving Defendants' motion to dismiss is granted.

**BACKGROUND**

Plaintiff initiated this action on September 6, 2016. [ECF 1]. The complaint was amended several times. On January 24, 2017, this Court granted Plaintiff's motion for leave to amend the complaint, [ECF 46], and the Corrected Amended Complaint was docketed *nunc pro tunc*. [ECF 47]. In his Corrected Amended Complaint, Plaintiff asserts claims for copyright infringement, unfair competition under the Lanham Act, misappropriation of likeness, breach of contract, and unjust enrichment against Moving Defendants. [ECF 47 ¶¶ 68-108].[4]

In the motion to dismiss, Moving Defendants argue that Plaintiff, *inter alia*, has failed to state a claim of copyright infringement or a claim under the Lanham Act against them, that the contract claim is preempted by the Copyright Act, 17 U.S.C. § 101, *et. seq.* (the "Copyright Act"), and that the remaining claims of misappropriation of likeness and unjust enrichment are

---

Plaintiff filed the December 13, 2016 Corrected Amended Complaint. (*Id.* ¶ 5). However, because this pleading was treated as an improperly filed second amended complaint and was stricken, Plaintiff then sought leave to file a new Corrected Amended Complaint to include the last two pages. On January 24, 2017, this Court granted Plaintiff's motion for leave, and ordered the Clerk to docket the 31-page Second Amended Complaint, also known as the Corrected Amended Complaint, as of November 9, 2016. [ECF 46]. For the purpose of this Memorandum Opinion, this Court will refer to the complaint docketed pursuant to the January 24, 2017 Order as the "Corrected Amended Complaint." [ECF 47].

[3] In considering the motion to dismiss, this Court has also considered Moving Defendants' reply. [ECF 65].

[4] Plaintiff asserts largely the same claims, with the exception of the breach of contract claim against Defendant Paypal, Inc. ("Paypal"), Payloadz, Inc. ("Payloadz"), Shannon Sofield's ("Sofield"), C2S, LLC d/b/a Click2Sell.eu ("C2S"), Custom CD, Inc., a wholly-owned subsidiary of Defendant Rimage, Inc. ("Custom CD"), PUA Media Library, Inc., doing business as pualib.com ("PUA Media"), and John Doe # 1, a/k/a loki.net@gmail.com ("Loki") a/k/a Sally Longer a/k/a Vladymry Olynyk. Defendant Hostgator.com, LLC was dismissed with prejudice on December 16, 2016. [ECF 33].

barred by the Communications Decency Act, 47 U.S.C. § 223 *et. seq.* (the "CDA"). (Mov. Defs.' Br. at 2-9). Plaintiff opposes these contentions. These arguments will be addressed separately.

When ruling on Moving Defendants' motion to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in the Corrected Amended Complaint and construe these facts in the light most favorable to Plaintiff. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Notably, the factual allegations in Plaintiff's Corrected Amended Complaint are largely rambling and, at times, incoherent and difficult to follow. However, liberally construed, the factual allegations are summarized as follows:

> On October 26, 1998, Plaintiff registered his copyright to "*Outfoxing the Foxes: How to Seduce the Women of Your Dreams*" ("*Foxes*"), a book Plaintiff published and offered for sale for $29.95. (Cor. Am. Compl. ¶ 14). On October 26, 2015, Plaintiff discovered that *Foxes* was being sold on pualib.com, as part of an anthology of books and articles written by and for "pick up artists." (*Id.* ¶¶ 15, 31-32). On that day, Plaintiff purchased a zip file from pualib.com through Paypal, which processed his payment of $16.90. (*Id.* ¶¶ 36-37(b)). After receiving the zip file, Plaintiff discovered that it contained several copies of *Foxes*. (*Id.* ¶ 37(d)).

> Thereafter, Plaintiff notified Defendants Sofield, Loki, and Paypal of the infringement. (*Id.* ¶¶ 39-42). In response, Defendant Loki, who Plaintiff avers is likely the same individual as Defendant Sofield, stated that he deleted *Foxes* from pualib.com. (*Id.* ¶ 40). Paypal "appeared" to have terminated Defendant Loki's ability to process payments from pualib.com. (*Id.* ¶ 43).

> On December 10, 2015, Plaintiff noticed that the sales of the zip file had resumed. (*Id.* ¶ 51). The same file containing an infringing version of *Foxes* was also being sold in DVD format. (*Id.*). On that day, Plaintiff contacted Defendants PayPal and C2S, and complained of the alleged continued criminal copyright infringement and their processing payments for the sale of the infringing work. (*Id.* ¶ 52). On the same day, Plaintiff informed Moving Defendants that their cloud servers were hosting the infringing material. (*Id.* ¶ 56). Plaintiff believed that, after these communications, every party was on notice about the alleged infringement and PUA Media ceased selling the zip file and DVD through pualib.com. (*Id.* ¶ 59).

In Spring 2016, Plaintiff discovered that PUA Media was again selling *Foxes* in zip file and DVD format through Defendants C2S and PayPal. (*Id.* ¶ 60). Plaintiff ordered the DVD for $99.90, which was shipped to him by Defendant Custom CD. (*Id.* ¶¶ 60-61). After putting Defendants C2S and PayPal on notice of this new infringement, they stopped processing payments for PUA Media, and the pualib.com website was "temporarily disabled" and remains disabled as of the filing of the Corrected Amended Complaint. (*Id.* ¶ 62). Plaintiff alleges that the zip file is still being stored on Moving Defendants' servers. (*Id.* ¶ 63). In an email dated May 27, 2016, Plaintiff contacted Moving Defendants' Chief Executive Officer Jeff Bezos to inform him that Moving Defendants' servers were hosting Plaintiff's infringed work, and to notify Moving Defendants that Plaintiff was removing his fourteen books that were being sold via the Kindle, and ended his email by telling Mr. Bezos that he would "[s]ee you in court." (*Id.* ¶ 64). Moving Defendants responded to Plaintiff's email by requesting that Plaintiff comply with Moving Defendants' procedures to report potentially infringing materials consistent with the Digital Millennium Copyright Act. (*Id.* ¶ 65). Plaintiff makes no mention whether he complied with this request.

Contemporaneously, Plaintiff and Moving Defendants had a contract under which Moving Defendants sold *Foxes* on their Kindle store as a standalone book and as part of Plaintiff's Pickup Artist Library, which included six other works, priced between $2.99-$9.99. (*Id.* ¶¶ 97-98). Under the contract, Moving Defendants remitted 70 percent of the purchase price to Plaintiff as a royalty. (*Id.* ¶ 98).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (*quoting Iqbal*, 556 U.S. at 679). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in

original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the court is required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in a plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As noted, Moving Defendants argue that Plaintiff fails to state claims for copyright infringement and unfair competition under the Lanham Act, that Plaintiff's breach of contract is preempted by the Copyright Act, and that the remaining claims asserted against them of misappropriation of likeness and unjust enrichment are barred by the Communications Decency Act. This Court agrees.

*Copyright Infringement (Count One)*

At Count One of the Corrected Amended Complaint, Plaintiff asserts that despite being placed on notice, Moving Defendants nonetheless committed "direct, contributory, and vicarious copyright infringement against Plaintiff, in violation of [t]he Copyright Act," by hosting the infringing work on their servers on behalf of third parties. (Cor. Am. Compl. ¶¶ 56, 64-65, 72, 75(a)). Moving Defendants argue that Plaintiff's allegations are insufficient to state an infringement claim under the Copyright Act.

"To allege a claim for copyright infringement, a plaintiff must state: '(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of plaintiff's work.'" *Parker v. Google, Inc.*, 242 F. App'x 833, 836 (3d Cir. 2007) (quoting *Kay Berry, Inc. v. Taylor Gifts, Inc.,* 421 F.3d 199, 203 (3d Cir. 2005)). "Additionally, to state a direct copyright infringement claim, a plaintiff must allege volitional conduct on the part of the defendant." *Id.* The Third Circuit Court of Appeals, when it affirmed the district court's dismissal of Plaintiff's[5] claim against Google, Inc., agreed with the Fourth Circuit's analogy between an internet service provider and the owner of a traditional copy machine in *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004), noting specifically that a copy machine owner whose only conduct is making the machine open to the public for use for copying, is not the one copying the infringing work and cannot be found liable for direct copyright infringement. *Google*, 242 F. App'x at 836 (citing *CoStar*, 373 F.3d at 550-51). Likewise, other courts have held that merely hosting infringing content does not constitute direct copyright infringement. *See, e.g.*, *Hermeris, Inc. v.*

---

[5] Plaintiff Gordon Roy Parker, the Plaintiff in this matter, was also the plaintiff in *Parker v. Google, Inc.*, 242 F. App'x 833 (3d Cir. 2007), *Parker v. Google, Inc.*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), and *Parker v. Yahoo!, Inc.*, 2008 WL 4410095 (E.D. Pa. Sept. 25, 2008), all cases cited in this Memorandum Opinion.

*Brandenburg*, 2011 WL 231463, at *2 (D. Kan. Jan. 23, 2011); *Field v. Google, Inc.,* 412 F. Supp. 2d 1106, 1114–15 (D. Nev. 2006).

Here, Plaintiff's *sole* allegation against Moving Defendants that relates to an alleged participation in the infringing activity is that Moving Defendants stored the infringing work on their cloud server on behalf of Defendants Payloadz and Sofield. (Cor. Am. Compl. ¶ 56). While Moving Defendants' storage of the infringing work is less transitory than Google, Inc.'s caching of websites in *Parker v. Google, Inc.*, 242 F. App'x 833 (3d Cir. 2007), Moving Defendants' storage of electronic materials on their servers, like Google, Inc.'s caching of websites in that case, is, by its nature, passive conduct performed automatically at the instigation of others, and does not render Moving Defendants liable for any direct copyright infringement. *See Google*, 242 F. App'x at 836; *see also CoStar*, 373 F.3d at 551 (holding that the storage and transmission of data as part of an internet facility does not constitute "copying" for purposes of the Copyright Act and those that perform these services are not copyright infringers); *Field*, 412 F. Supp. 2d at 1115 (holding that defendant's automatic copying of cached websites in response to user's request is passive conduct that does not constitute direct copyright infringement because it is the user's request, and not defendant conduct, that created the infringing copy of the protected work); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995) (holding that the "element of volition or causation [] is lacking where a defendant's system is merely used to create a copy by a third party.").[6] Consistent with

---

[6] Plaintiff argues, without providing any legal support, that Moving Defendants' failure to investigate the infringement after Plaintiff notified them of it constitutes volitional conduct. (Pl.'s Resp. at 5, 8). Assuming *arguendo* that Plaintiff's emails were sufficient to put Moving Defendants on notice of the infringing activity, despite his failing to respond to their request for more information, Plaintiff has still failed to allege sufficient facts to support that Moving Defendants "cause[d] in some meaningful way [the] infringement." *See CoStar*, 373 F.3d at 549.

the case law cited, Moving Defendants' motion to dismiss is granted as to Plaintiff's claim for direct copyright infringement.

To state "a claim of contributory copyright infringement, a plaintiff must allege: (1) direct copyright infringement of a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) material contribution to the infringement." *Google*, 242 F. App'x at 837. To plead sufficient facts to show that a defendant materially contribute to the infringement, a plaintiff must allege that the defendant "authorized or assisted that third party [infringer]." *Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 499 (E.D. Pa. 2006). The authorization or assistance "'must bear some direct relationship to the infringing acts, and the person rendering such assistance or giving such authorization must be acting in concert with the infringer.'" *Id.* (quoting 3–12 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.04[A][2][a] (2005)).

Here, Plaintiff's claim that Moving Defendants committed contributory copyright infringement is conclusory and entirely unsupported by any factual allegations showing that Moving Defendants acted in concert with the alleged infringers. As previously noted, Moving Defendants' conduct was entirely passive, and does not support that Moving Defendants acted in concert with the infringer. Consistent with the case law cited, Moving Defendants' motion to dismiss is granted as to Plaintiff's claim for contributory copyright infringement. To allege *vicarious* copyright infringement, a plaintiff must plead sufficient facts to show that the defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Google*, 242 F. App'x at 837. "Financial benefit exists where the availability of infringing material acts as a draw for customers." *Id.* (citing *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004)).

As with his claim for contributory copyright infringement, Plaintiff's claim that Moving Defendants committed vicarious copyright infringement is premised on conclusory allegations. Plaintiff does not allege any facts that, if true, would support that customers are drawn to Moving Defendants' cloud storage business due to the availability of infringing work or the ability to store infringing work on the servers. Thus, this Court cannot conclude that Moving Defendants have an "obvious and direct financial interest in the exploitation of copyrighted materials," such that they can be found liable for vicarious copyright infringement. *See Google,* 422 F. Supp. 2d at 500. Consistent with the case law cited, Moving Defendants' motion to dismiss is granted as to Plaintiff's claim for vicarious copyright infringement.[7]

### *Lanham Act - Unfair Competition (Count Two)*

At Count Two, Plaintiff asserts that when PUA Media sold *Foxes*, it attempted to pass off the book as if it were written by a "C. Kellogg" and/or a "Hunting Fox." (Cor. Am. Compl. ¶¶ 37(d), 63, 80). Plaintiff asserts that each act of advertising and/or shipping the infringed copy of *Foxes* under the wrong author's name constitutes a separate act of selling Plaintiff's work with a false designation of origin and, therefore, a violation of the Lanham Act. (*Id.* ¶¶ 81-82). Moving Defendants argue that Plaintiff has failed to allege sufficient facts to state a claim under the Lanham Act. (Mov. Defs.' Br. at 8).

---

[7] Moving Defendants also argue that they are protected by the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. (Mov. Defs.' Br. at 2-6). "The DMCA establishes several 'safe harbors' that protect eligible service providers from all monetary and most equitable liability that may arise from acts of copyright infringement committed on their website by end-users." *Square Ring, Inc. v. Doe-1*, No., 2015 WL 307840, at *4 (D. Del. Jan. 23, 2015). Moving Defendants argue that they are an eligible service provider entitled to the DMCA's safe harbor provision and Plaintiff's copyright infringement claims must be dismissed. (Mov. Defs.' Br. at 3-6). Plaintiff contests whether Moving Defendants are entitled to the DMCA's safe harbor provisions based largely on allegations that Moving Defendants were notified of the alleged infringement. Because this Court has concluded that Plaintiff failed to state a claim for direct, contributory, and vicarious copyright infringement, it need not and does not address whether the DMCA applies to Moving Defendants in this matter.

"To state a claim pursuant to 15 U.S.C. § 1125(a) of the Lanham Act, a plaintiff must allege: (1) that the defendant uses a false designation of origin; (2) that such use of a false designation of origin occurs in interstate commerce in connection with goods or services; (3) that such false designation is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of the plaintiff's goods and services by another person; and (4) that the plaintiff has been or is likely to be damaged." *Google,* 242 F. App'x at 838 (citing *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1428 (3d Cir. 1994)).

Plaintiff asserts that Moving Defendants are liable for the alleged false designation of origin of *Foxes* directly and under an aiding and abetting theory of liability. (*Id.* ¶ 83). However, Plaintiff has not cited, nor has this Court found, any authority to support that aiding and abetting liability applies to an unfair competition claim brought under the Lanham Act. *See Google,* 422 F. Supp. 2d at 503 (noting that aiding abetting theory of liability does not apply to a trademark infringement case brought under the Lanham Act) (citing *Elec. Lab. Supply Co. v. Cullen*, 977 F.2d 798, 807 (3d Cir. 1992).

Instead, Plaintiff argues that Moving Defendants' storing of the infringing version of *Foxes* on their servers to enable the unlawful sale constitutes active participation and renders Moving Defendants directly liable. (Pl.'s Response at 11). While Plaintiff is correct that active participation can make one liable under the Lanham Act, "participation in activities merely related to the infringing acts is not enough . . . . [P]ersonal liability extends only to those persons who actively participate as a moving force in the decision to engage in the infringing acts or otherwise cause the infringement as a whole to occur." *Google,* 422 F. Supp. 2d at 503. Plaintiff does not allege any facts that support that Moving Defendants actively participated or were a moving force in replacing his name on the infringing work or that they participated in any way in

the alleged infringers' decision to falsely designate the origin of *Foxes*. Accordingly, Moving Defendants' motion to dismiss Count Two of the Corrected Amended Complaint is granted.

### *Misappropriation of Likeness (Count Three) and Unjust Enrichment (Count Six)*

At Count Three, Plaintiff asserts that the misappropriation of his name and likeness in promoting the infringing versions of *Foxes* constitute violations of his right to publicity under California law and his right to privacy under Pennsylvania law, for which Moving Defendants are vicariously liable. (Cor. Am. Compl. ¶¶ 91-93). At Count Six, Plaintiff asserts that Defendants PayPal, C2S, Payloadz, and Sofield have directly benefited from the unlawful sale of *Foxes*, and that the remaining Defendants, including Moving Defendants, have benefited from the misuse of Plaintiff's name and likeness. (*Id.* ¶ 105). Moving Defendants argue that these two counts are preempted by the CDA, and, therefore, must be dismissed. (Mov. Defs.' Br. at 8-9).

Section 230 of the CDA ("§ 230") provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). It further provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* at § 230(e)(3). This section "precludes courts from entertaining claims that would place a computer service provider in a publisher's role, and therefore bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content." *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003) (internal quotations omitted). In other words, § 230 "provide[s] immunity to [an interactive computer service provider] as a publisher or speaker of information originating from another information content

provider." *Obado v. Magedson*, 612 F. App'x 90, 93 (3d Cir. 2015); *see also Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("§ 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.").

Although Plaintiff argues that Moving Defendants are liable for a third party's misappropriation of his work and likeness when Moving Defendants merely hosted the offending work but did not publish or alter its content, he is mistaken. His state law claims are clearly preempted and prohibited by § 230. Notably, Plaintiff does not argue that § 230 does not apply ,but, rather, contends that § 230 violates his right to due process and the Tenth Amendment,[8] and does not comport with Judge Brennan's dissent in *Paul v. Davis*, 424 U.S. 693, 714 (1976), a pre-internet case concerning whether one had a liberty or property interest in one's reputation. (Pl.'s Response at 11).

Plaintiff's constitutional challenges to § 230 have been rejected by this Circuit. "[I]n passing the legislation that became section 230, Congress properly exercised its power to regulate interstate commerce," *Green*, 318 F.3d at 472 n.4, and where "Congress acts under one of its enumerated powers-here its power under the Commerce Clause-there can be no violation of the Tenth Amendment." *United States v. Parker*, 108 F.3d 28, 31 (3d Cir. 1997) (quoting *United States v. Mussari*, 95 F.3d 787, 791 (9th Cir. 1996)). Plaintiff's unsupported constitutional arguments are without merit. Further, suffice it to state that even if Judge Brennan's dissent applied to this case, which it does not, this Court is "not bound by a dissent to a Supreme Court opinion." *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1329 (3d Cir. 1990). Accordingly, Moving

---

[8] The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

Defendants' motion to dismiss Counts Three and Six of the Corrected Amended Complaint is granted.

### *Breach of Contract (Count Four)*

At Count Four, Plaintiff asserts that he had contracted with Moving Defendants to sell copies of *Foxes* on their Kindle stores at a price set by Plaintiff and they would remit 70% of the purchase price to Plaintiff as a royalty. (Cor. Am. Compl. ¶¶ 97-98). Plaintiff further asserts that Moving Defendants' storing of infringing copies of *Foxes* on their servers and allowing such copies to be distributed constitute an "intentional breach of the e-publishing contract between Plaintiff and [Moving Defendants]." (*Id.* ¶¶ 96, 101). Moving Defendants argue that this alleged breach of contract claim is preempted by the Copyright Act. (Mov. Defs.' Br. at 7).

Section 301 of the Copyright Act ("§ 301") provides that:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106[9] in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. *Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.*

17 U.S.C. § 301(a) (emphasis added). In other words, "[c]opyright law expressly preempts state law if the state law creates rights equivalent to the exclusive rights created by copyright." *Parker v. Yahoo!, Inc.*, 2008 WL 4410095, at *6 (E.D. Pa. Sept. 25, 2008) (dismissing preempted breach of contract claim) (citing *Orson, Inc. v. Miramax Film Corp.*, 189 F.3d 377, 382 (3d Cir. 1999)). Plaintiff's breach of contract claim is premised on the allegation that Moving Defendants hosted the infringing work, the same conduct Plaintiff asserts supports his copyright claim. Thus, Plaintiff's breach of contract claim is the equivalent of his copyright

---

[9] Section 106 provides, *inter alia*, that the "owner of copyright under this title has the exclusive right[] to . . . to reproduce the copyrighted work in copies . . . ." 17 U.S.C. § 106(1).

claim and, therefore, is preempted by § 301. *See id.* (concluding that Plaintiff's breach of contract claim against the defendants was preempted by § 301).

Plaintiff does not contest that § 301 applies to his breach of contract claim but argues that § 301 violates the Tenth Amendment. (Pl.'s Response at 10-11). Plaintiff provides no support for this argument, and this Court finds none. *See Titan Sports, Inc. v. Hellwig*, 1999 WL 301695, at *12 (D. Conn. Apr. 26, 1999) ("Congress' constitutional authority to enact copyright legislation arises under the Patent and Copyright Clause . . . .") (citing U.S. Const. art. I, § 8, cl. 8).[10] Consistent with this analysis, Moving Defendants' motion to dismiss Count Four of the Corrected Amended Complaint is granted.

### *Leave to Amend*

In his response, Plaintiff argues that pursuant to Rule 15 and because of his *pro se* status, he is entitled to leave to amend and cure any deficiencies. (Pl.'s Response 11-12). Rule 15 provides that a "party may amend its pleading once as a matter of course within 21 days after serving it [or after] service of a motion [to dismiss]." Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has already amended his complaint as a matter of right. Therefore, to the extent Plaintiff wishes to amend his pleading again, he must seek permission from the Defendants or seek leave from this Court by filing a motion to amend. "The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012). A court should deny leave to amend only where "'it is

---

[10] "The Congress shall have Power . . . [t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. art. I, § 8, cl. 1, 8.

apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Id.* (quoting *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000)).

Any attempt to amend Plaintiff's copyright infringement and unfair competition claims would be futile because it "appears beyond doubt that [Plaintiff] can prove no set of facts in support" of his claims against Moving Defendants for direct, contributory, or vicarious copyright infringement or for unfair competition under the Lanham Act. *See In re MicroBilt Corp.*, 2013 WL 6628619, at *3 (D.N.J. Dec. 16, 2013) (citing *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)). Further, because Plaintiff's misappropriation of likeness and unjust enrichment claims against Moving Defendants are preempted by § 230 of the CDA, and his breach of contract claim against Moving Defendants is preempted by § 301 of the Copyright Act, any attempt to amend would be futile. *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 (3d Cir. 2014) (affirming denial of leave to amend preempted claim); *Morales-Ceballos v. First Unum Life Ins. Co. of Am.*, 2003 WL 22097493, at *2 (E.D. Pa. May 27, 2003) (finding amendment to be futile where claim was preempted). Accordingly, Plaintiff's request for leave to amend is denied.

**CONCLUSION**

For the reasons stated herein, Moving Defendants' motion to dismiss is granted, and Moving Defendants are dismissed, with prejudice, from this action.

An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.