IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GORDON ROY PARKER** *Plaintiff, pro se* | **CIVIL ACTION** |
| | **NO. 16-4786** |
| v. | |
| **PAYPAL, INC.,** *et al.* *Defendants* | |

# O R D E R

AND NOW, this 23rd day of August 2017, upon consideration of the *amended motion for reconsideration* filed by Plaintiff Gordon Roy Parker ("Plaintiff"), [ECF 78], it is hereby ORDERED that Plaintiff's motion is **DENIED**.[1]

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Plaintiff filed a complaint asserting claims of copyright infringement, unfair competition under the Lanham Act, misappropriation of likeness, breach of contract, and unjust enrichment against, *inter alia*, Defendants Amazon.com, Inc., and Amazon Web Services, Inc. (together, "Amazon"). [ECF 47]. By Order dated August 16, 2017, Amazon was dismissed from this action. [ECF 74, 75]. On August 22, 2017, Plaintiff filed an amended motion for reconsideration of the August 16, 2017 Order, arguing that this Court misunderstood the facts concerning Amazon's cloud storage, and improperly concluded that Plaintiff's claims against Amazon should be dismissed. [ECF 78]. His motion is properly considered under Federal Rule of Civil Procedure ("Rule") 59(e).

Rule 59(e) allows parties to file a motion to alter or amend a judgment to "correct manifest errors of law or fact or to present newly discovered evidence." *Stroud v. Boorstein*, 2014 WL 2957708, at *2 (E.D. Pa. June 30, 2014). The Third Circuit Court of Appeals has held that the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion to reconsider should only be granted where the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion" at issue; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiff does not rely on an intervening change in controlling law and/or new evidence to support his argument for reconsideration. Instead, he reasserts the arguments made in his opposition to Amazon's motion to dismiss and reiterates that the motion to dismiss should have been denied. Upon reconsideration of Plaintiff's argument, this Court disagrees, and again concludes that Plaintiff has failed to state claims for copyright infringement and unfair competition under the Lanham Act against Amazon, that Plaintiff's breach of contract claim is preempted by the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and that his claims for misappropriation of likeness and unjust enrichment are barred by the Communications Decency Act, 47 U.S.C. § 223. Accordingly, Plaintiff's motion for reconsideration is denied.