IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER** | : | CIVIL ACTION |
| *Plaintiff, pro se* | : | |
| | : | NO. 16-4786 |
| v. | : | |
| | : | |
| **PAYPAL, INC.,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 23rd day of August 2017, upon consideration of the *motion for leave to file a third amended complaint* filed by Plaintiff Gordon Roy Parker ("Plaintiff"), [ECF 79], is it hereby **ORDERED** that the motion is **GRANTED**.[1] Plaintiff has until August 29, 2017, to file the amended complaint.

---

[1] On September 19, 2016, Plaintiff filed a complaint against Defendants Paypal Inc., Amazon, Inc., d/b/a Amazon Web Services, Inc., Shannon Sofield, Payloadz, Inc., C2S, LLC d/b/a Click2Sell.eu, Hostagator.com, LLC, PUA Media Library ("PUA Media"), Inc., Custom CD, Inc., QUMU Corporation, loki.net@gmail.com a/k/a Sally Longer a/k/a Vladymyr Oleynyk ("Loki"), and John Does 1-1043, [ECF 3 ¶¶ 2-11], asserting claims for copyright infringement, unjust enrichment, racketeering, and civil conspiracy regarding an alleged piracy and unlawful sale of his book, *"Outfoxing the Foxes: How to Seduce the Women of Your Dreams"* (*"Foxes"*).

On November 9, 2016, Plaintiff filed an amended complaint (the "Amended Complaint") which added Amazon Web Services, Inc., as a Defendant, and removed QUMU Corporation and John Does 1-1043 as party Defendants. [ECF 6 ¶¶ 2-9]. The docketing of the Amended Complaint, however, stopped abruptly at page 29, and did not include the claim for unjust enrichment which was referenced in the caption of the Amended Complaint.

On December 15, 2016, Plaintiff filed a motion for leave to file a second amended complaint, asserting that: (1) he is legally blind and needs assistance when filing pleadings with the Court; (2) when he prepared the Amended Complaint filed on November 9, 2016, it included pages 30 and 31, the claims of unjust enrichment and the prayer for relief; and (3) he served the 31-page Amended Complaint on the Defendants. [ECF 28]. On January 24, 2017, this Court granted Plaintiff's motion, and ordered the Clerk to docket the 31-page Second Amended Complaint, also referenced as the "Corrected Amended Complaint," as of November 9, 2016. [ECF 46]. The Corrected Amended Complaint, [ECF 47], is the operative complaint in this matter.

Thereafter, on June 30, 2017, Plaintiff was granted leave to conduct limited discovery, directed at parties and non-parties, to identify the true names and addresses of Defendants PUA Media and Loki (the "Unknown Defendants"). [ECF 72]. On August 22, 2017, Plaintiff filed the instant motion to amend the

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Corrected Amended Complaint to incorporate newly discovered evidence that identifies Loki as Mr. Anthony Joseph Palumbo, to include claims against Mr. Palumbo, and to revise and add claims against the remaining Defendants based on the newly discovered evidence. [ECF 79 ¶¶ 1-6].

Federal Rule of Civil Procedure ("Rule") 15 governs amended and supplemental pleadings. Rule 15 provides, *in part*, that the court "should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012). A court should deny leave to amend only where "'it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Id.* (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

In light of the procedural posture of this case, this Court finds that Plaintiff has not engaged in undue delay, bad faith, or dilatory tactics. To the contrary, less than two months have passed since Plaintiff was granted permission to conduct limited discovery to ascertain the identity of the Unknown Defendants. Having learned the true identity of Loki, Plaintiff promptly seeks leave to amend the complaint to assert claims against Mr. Palumbo, to remove Loki, and to revise the remaining claims. Though it is not possible to know whether these new claims and/or amendments would be futile, it is fair to state that the amendments do not prejudice the other Defendants, as they were aware that the limited discovery could result in Plaintiff's claims being amended and/or parties being added or removed. None of the Defendants had opposed Plaintiff's previous motion for limited discovery. No prejudice is ascertainable at this juncture. For these reasons and in the interest of justice, Plaintiff's motion for leave to file a third amended complaint is granted.